FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 29, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA DAVIS, as Personal Representative of the Estate of G.B., deceased,<br><br>                Plaintiff,<br><br>      v.<br><br>JENNIFER STRUS, individually and in her official capacity acting under the color of state law; HEIDI KAAS, individually and in her official capacity acting under the color of state law; MELISSA KEHMEIER, individually and in her official capacity acting under the color of state law; JAMES DESMOND, individually and in his official capacity acting under the color of state law; CASSIE ANDERSON, individually and in her official capacity acting under the color of state law; BRINA CARRIGAN, individually and in her official capacity acting under the color of state law; MAGGIE STEWART, individually and in her official capacity acting under the color of state law; LORI BLAKE, individually and in her official capacity acting under the color of state law; SHANNON SULLIVAN, individually and in her official capacity acting under the color of state law; SUSAN STEINER, individually and in her | No.   2:17-cv-00062-SMJ<br>No.   2:18-cv-00194-SMJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE CASES FOR TRIAL** |

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE CASES
FOR TRIAL – 1

| | |
|---|---|
| 1 | official capacity acting under the color of state law; CAMERON NORTON, |
| 2 | individually and in his official capacity acting under the color of state law; |
| 3 | SARAH OASE, individually and in her official capacity acting under the color |
| 4 | of state law; RANA PULLOM, individually and in her official capacity |
| 5 | acting under the color of state law; DONALD WILLIAMS, individually |
| 6 | and in his official capacity acting under the color of state law; CHRIS MEJIA, |
| 7 | individually and in his official capacity acting under the color of state law; |
| 8 | RIVERSIDE SCHOOL DISTRICT NO. 416, a Municipal Corporation duly |
| 9 | organized and existing under the laws of Washington State; JUANITA |
| 10 | MURRAY, individually and in her official capacity acting under the color |
| 11 | of state law; ROBERTA KRAMER, individually and in her official capacity |
| 12 | acting under the color of state law; SARAH RAMSDEN, individually and |
| 13 | in her official capacity acting under the color of state law; CAROLINE |
| 14 | RAYMOND, individually and in her official capacity acting under the color |
| 15 | of state law; CHERI MCQUESTEN, individually and in her official capacity |
| 16 | acting under the color of state law; SARAH RAMSEY, individually and in |
| 17 | her official capacity acting under the color of state law; TAMI BOONE, |
| 18 | individually and in her official capacity acting under the color of state law; |
| 19 | MELISSA REED, individually and in her official capacity acting under the |
| 20 | color of state law; ANN STOPAR, individually and in her official capacity |

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE CASES FOR TRIAL – 2

acting under the color of state law; KRISTINA GRIFFITH, individually and in her official capacity acting under the color of state law; WENDY SUPANCHICK, individually and in her official capacity acting under the color of state law; SHERRY DORNQUAST, individually and in her official capacity acting under the color of state law; GARY VANDERHOLM, individually and in his official capacity acting under the color of state law; ROGER PRATT, individually and in his official capacity acting under the color of state law; CHRIS NIEUWENHUIS, individually and in his official capacity acting under the color of state law; and JOHN DOES 1–50, individually and in their official capacities acting under the color of state law,

Defendants.

Before the Court, without oral argument, is Plaintiff's Motion to Consolidate Matters for Trial, ECF No. 366. Plaintiff seeks to consolidate the above-captioned matter with a related case also before this Court, *Davis v. Washington State Department of Social and Human Services, et al.*, Case No. 2:18-cv-00194-SMJ. *Id.* at 1–2. The State Defendants[1] filed a response indicating that the State

---

[1] The State Defendants in this matter include Cassie Anderson, Lori Blake, Brina Carrigan, James Desmond, Melissa Kehmeier, Chris Mejia, Cameron Norton, Sarah Oase, Rana Pullom, Susan Steiner, Maggie Stewart, Jennifer Strus, Shannon Sullivan, Donald Williams. ECF No. 371.

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE CASES FOR TRIAL – 3

Defendants in both this matter and the related case do not oppose the motion to consolidate for trial. ECF No. 371. In their response, the State Defendants represent that because the Estate is neither seeking to merge the two causes of action nor seeking to expand the relevant factual time period or legal theories, the State Defendants in both this matter and the related case do not oppose consolidation.[2] ECF No. 371 at 3. Neither the Riverside Defendants[3] nor Defendant Sherry Dornquast have responded to the motion to consolidate. Having reviewed the motion and the file in the matter, the Court is fully informed and grants the motion.

Federal Rule of Civil Procedure 42(a) permits the court to consolidate actions where the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Actions need not be identical to warrant consolidation under Rule 42. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999). When determining whether to consolidate matters, the Court weighs "the interest in judicial convenience against the potential for delay, confusion, and prejudice caused

---

[2] The Court notes in Case No. 2:18-cv-00194-SMJ, the only Defendants are the Department of Social and Human Services ("DSHS") and two DSHS employees, and that counsel for the State Defendants in the above-captioned matter who submitted the response, Carl Warring, also represents all Defendants in the related matter. *See* Case No. 2:18-cv-00194-SMJ.

[3] The Riverside Defendants include the Riverside School District, No. 416; Tami Boone; Kristina Griffith; Roberta Kramer; Chris Nieuwenhuis; Cheri McQuesten; Juanita Murray; Roger Pratt; Sarah Ramsden; Caroline Raymond; Melissa Reed; Ann Stopar; Wendy Supanchick; and Gary Vanderholm. ECF No. 350.

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE CASES FOR TRIAL – 4

by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003) (citing *Sw. Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)). District courts have broad discretion regarding whether to consolidate. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

The parties agree that the facts in the cases overlap. ECF No. 366 at 4; ECF No. 371 at 2 ("In the respective joint status reports filed by the parties in anticipation of the amended case scheduling orders, the Estate described its legal claims and factual claims nearly identically"). The Court agrees with this assessment. Both cases arise out of the sequence of events leading to minor child G.B.'s placement by the Washington Department of Social and Human Services ("DSHS") into the care of his aunt, Cynthia Khaleel, his time spent in her care, and his tragic death. Similarly, the parties agree the related matter asserts the same legal theories as raised in the instant matter. ECF No. 366 at 2; ECF No. 371 at 3. As such, consolidation for trial is appropriate.

The State Defendants, however, oppose consolidation for the purpose of motions practice. ECF No. 371 at 2–3 n.1. Given that the dispositive motion deadline in the above-captioned matter has passed while the dispositive motion deadline in the related matter is set for November 10, 2020, the Court agrees consolidation for the purposes of motions practice is not appropriate. *Compare* Case

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE CASES FOR TRIAL – 5

No. 2:17-cv-00062-SMJ, ECF No. 338 at 7 *with* Case No. 2:18-cv-00194-SMJ, ECF No. 89 at 5. As such, the respective deadlines set forth in each case except those related to trial, which are listed below, shall remain in effect, including deadlines related to discovery, motions practice, mediation, and certification to the Washington State Supreme Court.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Consolidate Matters for Trial, **ECF No. 366**, is **GRANTED**.

2. The Clerk of Court is directed to **CONSOLIDATE** Case Nos. 2:17-cv-00062-SMJ and 2:18-cv-00194-SMJ under the 2:17-cv-00062-SMJ case number. All future filings for the consolidated actions shall be filed under Case No. 2:17-cv-00062-SMJ. The file for 2:18-cv-00194-SMJ shall be **CLOSED**.

3. The following deadlines in the respective Scheduling Orders in Case Nos. 2:17-cv-00062-SMJ and 2:18-cv-00194-SMJ shall remain in effect as to the respective claims and parties:

    *A.* Mediation Deadline;

    *B.* Rule 26(a)(2) Expert Identification and Reports Deadlines;

    *C.* Discovery Deadlines;

    *D.* Notice of To-Be-Adjudicated Claims and Affirmative Defenses

        Deadline;

    *E.*    Dispositive and *Daubert* Motions Deadlines; and

    *F.*    Deadline for Certification to the State Supreme Court.

**4.**    The following deadlines set forth in the Scheduling Order in Case No. 2:17-cv-00062-SMJ shall govern in the entire consolidated matter:

    *A.*    Witness and Exhibit Lists Deadlines;

    *B.*    Deposition Designations Deadlines;

    *C.*    Motions *in Limine* Deadline;

    *D.*    Pretrial Order Deadline; and

    *E.*    Trial Briefs, Vior Dire, and Jury Instructions Deadlines.

**5.**    The pretrial conference for the consolidated matter shall be held at **11:00 A.M.** on **January 5, 2021**, in **Spokane**, Washington.

**6.**    The estimated **20-day JURY TRIAL** shall commence at **9:00 A.M.** on **February 1, 2022**, in **Spokane**, Washington. The **final** pretrial conference will begin at **8:30 A.M.**

//

//

//

//

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE CASES FOR TRIAL – 7

      **A.** If either party believes that a longer trial will be necessary due to the consolidation of these matters, the parties are directed to meet and confer and file a **joint status report** indicating the length of time needed for trial **within fourteen days** of the entry of this Order.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel for all parties.

**DATED** this 29th day of July 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE CASES FOR TRIAL – 8